UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. WOOD,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-256-JD-MGG

INDIANA STATE OF, et al.,

    Defendants.

OPINION AND ORDER

Michael A. Wood, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wood alleges that, while housed at the Wabash County Jail, he developed a severe tooth ache. He requested medical care and was seen the next day. A nurse determined that he had an infection. Ibuprofen and amoxicillin were prescribed for him. But before the meeting was over, Wood was asked about his "recent discovery of embezzlement by the medical staff." ECF 1 at 13. The nurse became angry and ordered that an officer remove Wood. Even though medication was prescribed, Wood did not

receive medication for several days. The pain became unbearable, and Wood cut his wrist to get medical attention. Wood felt he needed to go to the hospital for treatment of his injury. Instead, he was placed on a "wreck pad" with sharp metal edges protruding from the walls. Later, he was placed in a restraint chair. The strap around his wrist stopped the bleeding. He was left in the chair for hours. The next day, Wood thought he should be placed in a padded cell. Instead, an undercover state police officer was allegedly sent to investigate him. He received medical attention, and a nurse allegedly admitted to withholding Wood's medications because she was angry. Wood's complaint names three defendants: the Wabash County Sheriff's Department, Quality Correctional Care, and the State of Indiana.

Wood's complaint is somewhat confusing. He complains about the medical care he received for his toothache and his cut wrist, but he also complains about illegal investigations and corruption. His allegations are vague, at best. What is clear, however, is that the complaint does not state a claim.

Wood sues the Wabash Co. Sheriff's Department, but he cannot proceed against the department because it is not a suable entity. It is a department within Wabash County, not a person or a policy-making body that can be sued for constitutional violations. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011). Even if Wood had sued Wabash County, which is a suable entity, he could not proceed because the facts do not suggest any basis for holding the county liable.

Wood also sues Quality Correctional Care, a private company that provides medical care at the jail. "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)). However, "[a] municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Because Wood's complaint only describes the actions—or inaction—of the medical staff in connection with his own treatment, he may not proceed against Quality Correctional Care.

Wood is also suing the State of Indiana. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here.

While Wood's complaint does not state a claim, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If Wood decides to file an amended complaint, he should explain in his

3

own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Michael A. Wood until **July 20, 2021**, to file an amended complaint; and

(2) CAUTIONS Michael A. Wood if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 16, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT