UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. WOOD,

Plaintiff,

v.  CAUSE NO. 3:21-CV-256-JD-MGG

JUSTIN FAW, et al.,

Defendants.

OPINION AND ORDER

Michael A. Wood, a prisoner without a lawyer, filed a complaint. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wood alleges that, while housed at the Wabash County Jail awaiting trial, he developed a severe tooth ache. On May 9, 2020, he was examined by a nurse named Kathy and her supervisor, Teri Wolf.[1] He was diagnosed with an infection. Nurse Kathy indicated that she ordered antibiotics and ibuprofen for Wood, and that it would be on

---

[1] The amended complaint includes two different spellings of Wolf's name: Teri Wolf and Terry Wolf. This order uses the spelling Wood used in his list of defendants. ECF 22 at 2.

the medication cart the next morning. The medications were not available the next morning. For the next five days, Wood asked Nurse Kathy, Wolf, Assistant Jail Commander Rick Slone, and guards about his medications. Nobody knew anything. His pain increased. At one point, Slone showed Wood text messages where he asked Nurse Kathy and Wolf for an update. It is unclear if they responded to the messages. The next evening, Wood told Slone that he could not go another night with the pain. He had obvious swelling and redness by this point. Slone expressed sympathy but said there was nothing he could do. Wood decided to take his own life to stop the pain; he cut his wrists.

      Wood's cell mates notified guards and he was removed from his cell and given paper towels. Wood believes that his injuries were so severe he should have been taken to the hospital. He was instead placed in the "rec pad," which had sharp edges. Later, Slone and two other officers strapped Wood into a restraint chair. The restraints were placed around the wounds on Wood's wrists without any bandages. He remained in the chair for the rest of the night.

      The next morning, he was released from the restraints, but he was not provided with any medical care. Another inmate was placed in the rec pad with him. According to Wood, this is unusual. During a trip to the restroom, Wood alleges that he found a bag that contained the uniform of an ISP officer and identification that matched the person that had been placed in the rec pad with him. He believes the individual was a police officer that was placed in the rec pad with him to investigate him.

That afternoon Jail Commander Justin Faw[2] asked Wood what happened. Fall told Wood he would be seen by medical at 5:00 p.m. He was not seen until 7:00 p.m. When he went to the medical office, a mental health worker was there to discuss the incident with him. Nurse Kathy then entered the room and admitted that she had been hostile and indifferent toward Wood because of Wood's opinions about the jail. She allegedly admitted the medications arrived on May 9, but she purposefully kept Wood from receiving them.

At the conclusion of his meeting with the mental health worker, the guards were told to take Wood out of the rec pad. Wood was told he would have a follow up visit in two days. Wood has sued five defendants: Jail Commander Justin Faw, Assistant Jail Commander Rick Slone, Teri Wolf, Kathy (a nurse employed by Quality Correctional Care), and the County of Wabash.

Because Wood was a pretrial detainee when these events occurred, his claim must be analyzed under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 565 U.S. 389, 395 (2015). To state a claim under the Fourteenth Amendment, he must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Miranda v. Cty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018). He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id.* (emphasis omitted). Here, the complaint alleges facts from which it can be plausibly inferred that Kathy, a nurse employed by Quality

---

[2] The amended complaint includes two different spellings of the jail commander's name: Justin Faw and Justin Fall. This order uses the spelling Wood used in his list of defendants. ECF 22 at 2.

3

Correctional Care, sued as "Kathy 'Jane Doe'", Teri Wolf, and Rick Slone each responded to Wood's medical needs in a manner that was objectively unreasonable. Therefore, Wood will be granted leave to proceed against them.

Wood also named Justin Faw, the jail commander, as a defendant. Faw, however, only asked Wood what happened and told him he would receive medical attention that evening at 5:00 p.m. Wood did not receive care until 7:00 p.m., but there is no indication that Faw was responsible for that delay. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Therefore, Faw must be dismissed.

Finally, Wood has sued the County of Wabash. Local governments, however, cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Here, it appears that Wood has sued the County of Wabash because he believes it should be liable for the alleged wrongdoing of its employees, but that is not a basis for liability. "As applied to local governments . . ., the Supreme Court has interpreted § 1983 to bar *respondeat superior* liability. *Daniel v. Cook Cty.*, 833 F.3d 728, 733 (7th Cir. 2016) (citing *Monell*, 436 U.S. at 694–95, 707). Therefore, the County of Wabash must be dismissed.

For these reasons, the court:

(1) GRANTS Michael A. Wood leave to proceed against Kathy (a nurse employed by Quality Correctional Care), Teri Wolf, and Rick Slone in their individual capacities for compensatory and punitive damages for responding to his medical needs in a manner that was objectively unreasonable from May 9, 2020, until May 16, 2020, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Justin Faw and the County of Wabash;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Kathy (a nurse employed by Quality Correctional Care) and Teri Wolf at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 22), pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Rick Slone at Wabash County Sheriff's Department, with a copy of this order and the complaint (ECF 22), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Quality Correctional Care, LLC, and Wabash County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Kathy (a nurse employed by Quality Correctional Care), Teri Wolf, and Rick Slone to respond, as provided for in the

5

Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 16, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT