UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL A. WOOD, <br><br> Plaintiff, <br><br> v. <br><br> RICK SLONE, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-256-JD |

OPINION AND ORDER

Michael A. Wood, a prisoner without a lawyer, is proceeding in this case against Nurse Kathy Stephenson, Nurse Tari Wolf, and Assistant Jail Commander Rick Slone "in their individual capacities for compensatory and punitive damages for responding to his medical needs in a manner that was objectively unreasonable from May 9, 2020, until May 16, 2020, in violation of the Fourteenth Amendment[.]" ECF 23 at 5. Specifically, Wood alleged in his complaint that the defendants failed to provide him with treatment and medication for a severe tooth ache between May 9 and May 16. *Id.* at 1-3. Nurse Stephenson and Nurse Wolf filed a motion for summary judgment. ECF 80. Assistant Jail Commander Slone also filed a motion for summary judgment. ECF 87. Wood filed a joint response to both summary judgment motions, and the defendants

filed replies. ECF 106, 107, 108.[1] Both summary judgment motions are now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

---

[1] Wood also filed two additional batches of exhibits (ECF 94 and 95) and a statement from another inmate (ECF 96), which Assistant Jail Commander Rick Slone has moved to strike (ECF 100). Additionally, Wood submitted a letter regarding potential tampering with his legal mail. ECF 110. The court will consider all these documents in ruling on the defendants' motions for summary judgment.

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Wood is proceeding against all three defendants for violating his Fourteenth Amendment rights by responding to his medical needs in a manner that was objectively unreasonable between May 9, 2020, and May 16, 2020. Each defendant will be addressed in turn.

<u>*Nurse Stephenson*</u>

At his deposition, Wood testified he is suing Nurse Stephenson because she withheld medication and neglected his need for medical care for a tooth infection between May 9 and May 16, 2020. ECF 81-4 at 4-6. Nurse Stephenson submits an affidavit and Wood's medical records, which show the following facts: On May 12, 2020, Nurse Stephenson saw Wood for a nursing assessment. ECF 81-2 at 1-2; ECF 81-5 at 6. Wood requested medication for "flutters" he was experiencing in his stomach. *Id.* Nurse Stephenson took his vital signs and discussed his complaints. *Id.* She did not know what care or treatment Wood required, so she scheduled him to be evaluated by a

3

medical provider at the first available opportunity. *Id.* At that time, Wabash County Jail did not have a physician on-site every day. ECF 81-2 at 2. Nurse Stephenson does not recall discussing tooth pain or a tooth infection with Wood at any time. *Id.* Nurse Stephenson left the jail at the end of her shift on May 12, 2020, and did not return until May 19, 2020. *Id.* at 2-3. Wood's medical records indicate that, during this time period, a physician's assistant reviewed his records on May 13, 2020, and recommended he receive a CT scan of his chest. ECF 81-2 at 3; ECF 81-5 at 5. On May 18, 2020, orders were received for Wood to start on Amoxicillin and ibuprofen for tooth pain, and he received the medications that evening. ECF 81-2 at 3-4; ECF 81-5 at 100. When Nurse Stephenson returned to the jail on May 19, 2020, Wood was actively receiving Amoxicillin and ibuprofen. ECF 81-2 at 5.

Nurse Stephenson argues she provided objectively reasonable treatment to Wood because she only saw him on May 12, 2020, regarding his complaints of stomach flutters, referred him to a physician for treatment, was not informed he was experiencing tooth pain, and was not present at the jail on May 18 to withhold any medication from him. ECF 81 at 13-17. In his response, Wood argues he received his first dose of ibuprofen on May 16, not May 18. ECF 106 at 2. But this dispute is not material, as it is undisputed Nurse Stephenson was not present at the jail between May 12 and May 19 and, thus, could not have withheld Wood's medication on either May 16 or May 18. Wood also argues Nurse Stephenson ordered medication for him on May 12 and then hid the medication from him until May 18. ECF 106 at 2. But Wood provides no evidence disputing Nurse Stephenson's attestation that she lacked the authority to

4

prescribe him medication. Moreover, Wood's medical records do not indicate Nurse Stephenson ordered any medication for a tooth ache on May 12. ECF 81-5 at 6. Because it is undisputed Nurse Stephenson did not see Wood regarding his tooth pain between May 9 and May 16, did not have the authority to prescribe him medication, and did not have the opportunity to withhold any prescribed medications, no reasonable jury could conclude she provided objectively unreasonable treatment for his tooth pain during this time period. Summary judgment is therefore warranted in favor of Nurse Stephenson.

*Assistant Jail Commander Slone*

Wood testified at his deposition that he is suing Assistant Jail Commander Slone for ignoring his repeated requests for medical attention and medication for his tooth pain between May 9 and May 16, 2020. ECF 81-4 at 20-21. Assistant Jail Commander Slone submits an affidavit, attesting to the following facts: Assistant Jail Commander Slone has no knowledge of Wood making any complaint of tooth pain between May 9 and May 16, 2020. ECF 87-1 at 4. On May 16, 2020, Wood complained of head pain and demanded ibuprofen or he would flood his cell. *Id.* Assistant Jail Commander Slone consulted with Nurse Wolf, and Wood was given ibuprofen later that evening. *Id.*

Assistant Jail Commander Slone argues summary judgment is warranted in his favor because there is no evidence Wood ever complained to him about a tooth ache between May 9 and May 16, 2020. ECF 88 at 8-9. In his response, Wood argues he "know[s] for a fact" that he expressed his dental issues to Assistant Jail Commander Slone several days leading up to May 17, but Assistant Jail Commander Slone failed to get him medical attention. ECF 106 at 2. There is thus a disputed fact regarding whether

5

Wood requested medical attention from Assistant Jail Commander Slone between May 9 and May 16, 2020. Because this dispute relies on a credibility determination, the court cannot resolve it at the summary judgment stage. *See Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (at the summary judgment stage, the court cannot "weigh conflicting evidence" or "make credibility determinations," as this is "the province of the jury") (citations omitted). Moreover, this dispute is material because, if a jury credited Wood's testimony that he requested medical attention from Assistant Jail Commander Slone several times for his tooth ache and was denied, it could reasonably conclude that Assistant Jail Commander Slone violated Wood's Fourteenth Amendment rights. Accordingly, there is a disputed material fact regarding whether Assistant Jail Commander Slone violated Wood's Fourteenth Amendment rights.

Assistant Jail Commander Slone also argues summary judgment is warranted in his favor because he is entitled to qualified immunity, as "Wood cannot show Slone violated a statutory or constitutional right." ECF 88 at 9-10. But as discussed, a reasonable jury could credit Wood's version of events and conclude Assistant Jail Commander Slone violated his Fourteenth Amendment rights by ignoring his requests for medical attention. *See Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (recognizing that disputed material facts regarding the elements of a constitutional claim precludes dismissal based on qualified immunity). Thus, Assistant Jail Commander Slone cannot avoid trial on grounds of qualified immunity. Summary judgment must be denied on this claim.

*Nurse Wolf*

At his deposition, Wood testified he is suing Nurse Wolf because she withheld medication and neglected his need for medical care for a tooth infection between May 9 and May 16, 2020. ECF 81-4 at 4-6. Nurse Wolf submits an affidavit, attesting to the following facts: Nurse Wolf saw Wood on May 4, 2020, and May 8, 2020, both times for complaints of difficulty breathing. ECF 81-3 at 1; ECF 81-5 at 7-8. On both instances, Nurse Wolf contacted a medical provider, and the medical provider was able to review Wood's complaints to determine if additional care and treatment was necessary. *Id.* Wood's complaints on these instances related only to his breathing, and Nurse Wolf does not recall Wood complaining of any toothache, tooth pain, or tooth infection. *Id.* Moreover, Nurse Wolf does not recall, and the medical records do not reflect, that she was ever contacted regarding Wood's condition between May 9 and May 16, 2020. ECF 81-3 at 2.

Nurse Wolf argues she is entitled to summary judgment because she referred Wood to a medical provider and did not withhold any medication. ECF 81 at 17. In his response, Wood argues that Nurse Wolf must have known about his tooth pain because she was contacted by Assistant Jail Commander Slone on May 16, 2020, and provided him ibuprofen for his head pain. ECF 106 at 1-2. But the fact that Nurse Wolf provided Wood with ibuprofen for head pain on May 16 does not show she had knowledge of Wood's tooth pain. Wood does not dispute Nurse Wolf's attestation that she only saw him on May 4 and May 8, and that his complaints on those instances related only to his breathing. Thus, because there is no evidence Nurse Wolf was ever aware Wood was

7

experiencing tooth pain between May 9 and May 16, 2020, no reasonable jury could conclude she provided objectively unreasonable treatment during this time frame. Summary judgment is therefore warranted in favor of Nurse Wolf on this claim.

For these reasons, the court:

(1) DENIES Assistant Jail Commander Rick Slone's motion to strike Wood's discovery responses as moot, as the evidence Slone seeks to strike has no impact on the disposition of this case (ECF 100);

(2) DENIES Assistant Jail Commander Rick Slone's motion for summary judgment (ECF 87);

(3) GRANTS Nurse Stephenson and Nurse Wolf's motion for summary judgment (ECF 80);

(4) DISMISSES Nurse Stephenson and Nurse Wolf from this action; and

(5) REMINDS the parties this case is now proceeding only on Michael A. Wood's remaining claim against Assistant Jail Commander Rick Slone in his individual capacity for compensatory and punitive damages for responding to his medical needs in a manner that was objectively unreasonable from May 9, 2020, until May 16, 2020, in violation of the Fourteenth Amendment.

SO ORDERED on March 1, 2023

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT